IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER L. ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-04155-CV-C-DGK-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING ALJ

Plaintiff Christopher Roberts seeks judicial review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq*. Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g).

An Administrative Law Judge ("ALJ") found Plaintiff disabled as of May 7, 2004 due to severe heart problems resulting in a heart transplant. On April 15, 2009, as part of a continuing disability review, an ALJ found Plaintiff medically improved and discontinued his disability benefits. Plaintiff now alleges this discontinuation was in error. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for benefits, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. 404.1520(a)-(f) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

2

Case 2:12-cv-04155-DGK   Document 16   Filed 04/16/13   Page 2 of 6

"When benefits have been denied based on a determination that a claimant's disability has ceased, the issue is whether the claimant's medical impairments have improved to the point where he is able to perform substantial gainful activity." *Delph v. Astrue*, 538 F.3d 940, 945 (8th Cir. 2008) (citing 42 U.S.C. § 423(f)(1)). The "medical improvement" standard requires the ALJ to compare a claimant's current condition with the condition that existed at the time he was found disabled. *Id*.

At Plaintiff's continuing disability review hearing, the ALJ found that as of August 15, 2009, Plaintiff had the severe impairments of high blood pressure and a history of cardiac transplant and pacemaker implantation, which did not meet or medically equal any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 14-15. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work. R. at 16. Plaintiff argues that the ALJ's finding was in error because the ALJ improperly discounted the opinion of Plaintiff's treating physicians.

**A. The ALJ properly weighed the medical opinion evidence.**

Plaintiff's sole argument is that the ALJ erred in failing to give controlling weight to the opinions of treating physicians Drs. William Schlegel and Deborah King. In particular, Plaintiff asserts that the ALJ failed to point to any inconsistencies between the treating physician's opinions and the medical evidence of record. The Court finds this argument without merit.

Under the Social Security regulations, the opinions of treating physicians are generally entitled to substantial weight. 20 C.F.R. § 416.927(d). Still, the opinion itself "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart*,

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

3

390 F.3d 535, 540 (8th Cir. 2004). An ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

Dr. King[2] completed a Medical Source Statement in June 2010, noting that Plaintiff could not regularly lift more than five pounds and could stand for only two hours and sit for only four hours out of an eight-hour day. R. at 432-34. Dr. King's conclusions would preclude Plaintiff from performing sedentary work.[3]

Dr. Schlegel, Plaintiff's treating cardiologist from May 2004 through June 2010, also completed a Medical Source Statement in June 2010, which opined that Plaintiff could perform most of the exertional limitations of light work but could only sit for four hours in an eight-hour work day. R. at 429. Dr. Schlegel also noted that Plaintiff's activities were impaired because of "fatigue due to expected side effects of meds," and that Plaintiff needed to recline, prop up his legs, and lie down for thirty minutes one to three times daily. R. at 430-31.

The ALJ rejected the physical limitations assessed by Drs. King and Schlegel because they were "inconsistent with the objective medical evidence of record." *See Goff v. Barnhart*, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount the [treating physician's] opinion."). In 2004, Plaintiff underwent a heart transplant, and in 2005, doctors implanted a pacemaker. As the ALJ noted, however, Plaintiff "experienced remarkable improvement thereafter." R. at 17. During an August 2007 evaluation, for example, Dr. Gregory Ewald, M.D., a heart and cardiac transplantation specialist noted that Plaintiff "continues to do very well." R. at 265. In

---

[2] Dr. King's clinic treated Plaintiff from 2004 through 2010.
[3] *See* 20 C.F.R. § 404.1567(a) (defining sedentary work as work primarily involving sitting with occasional walking and standing and requiring lifting no more than ten pounds); SSR 83-10 (clarifying that sedentary work generally requires standing or walking for two hours and sitting for six hours of an eight-hour workday).

4

September 2008, Dr. Ewald reiterated that "[f]rom a cardiovascular standpoint, [Plaintiff] is doing well." R. at 263. At that time, Plaintiff denied palpations, chest pain, or syncope, and reported that his exercise tolerance was "good." R. at 263. *See Johnson v. Astrue*, 628 F.3d 991, 995-96 (8th Cir. 2011) (holding that a treating physician's consistently reported findings such as "no joint swelling," "no other complaints [other than chest pain]," or "doing well," are inconsistent with complaints of severe levels of pain and fatigue). Moreover, in January 2009, Plaintiff reported that he was "back to his normal self," R. at 307, and in October 2009, he reiterated that he was "doing well" and experienced no chest pain or discomfort.[4] R. at 401-02.

Dr. King's and Dr. Schlegel's assessed limitations were also inconsistent with their own treatment notes. Neither Dr. King's nor Dr. Schlegel's treatment notes reflect any significant cardiac problems. R. at 307, 309, 313, 315, 318, 321, 413, 415, 418, 439. For instance, while Plaintiff complained to Dr. King about eye problems and injuries suffered after being thrown from a horse, he reported that "[o]therwise, he has been doing fairly well and has no other specific concerns." R. at 415. Similarly, Dr. Schlegel's treatment notes indicate that Plaintiff's "functional capacity is normal or near normal." R. at 19, 371. Dr. Schlegel observed no symptoms of congestive heart failure, and noted that Plaintiff was "maintaining his usual level of activity" and "doing reasonably well." R. at 374.

Finally, although the ALJ did not discuss it, Dr. King's and Dr. Schegel's opinions of Plaintiff's limitations are inconsistent with his daily living activities which the ALJ noted were "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." R. at 18. *Owen v. Astrue*, 551 F.3d 792, 799 (8th Cir. 2008) (holding that the ALJ properly rejected the treating physician's opinion where the claimant's activities of daily living

---

[4] Plaintiff did begin complaining of "some chest pain," but only after he was notified that his benefits would be terminated. R. at 17, 424. Plaintiff also acknowledged that he was "really stressed with [the] threatened loss of Social Security benefits." R. at 424.

5

did not reflect the limitations assessed by the physician). In October 2009, Plaintiff reported that he rode his horse daily for a couple of hours, R. at 18, 190, and had no problems with personal care activities such as dressing and bathing. R. at 191. Furthermore, he stated that he made lunch and dinner, did laundry, cleaned the house, mowed the lawn, repaired his barn and truck, and went fishing and hunting. R. at 192, 194, 265, 321, 371, 393.

Thus, although the ALJ did not extensively expand on his determination that Dr. King's and Dr. Schlegel's opinions were "inconsistent with the objective medical evidence of record," it is clear that he fully reviewed the record and had ample reasons for this conclusion. *See Hepp v. Astrue*, 511 F.3d 798, 790 (8th Cir. 2008) (finding that a deficiency in opinion-writing technique does not require reversal of the ALJ's finding where the deficiency has no bearing on the outcome of the case).

Having properly discredited the opinions of Plaintiff's treating physicians, the ALJ was entitled to give great weigh to the opinion of Dr. Janie Vale, M.D., the State agency medical consultant who conducted the continuing disability review on reconsideration, because the ALJ found her opinion "generally consistent with the objective medial evidence of record." R. at 18.

**Conclusion**

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  April 16, 2013             /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT